**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.**

ALAN WHITEMAN, on
behalf of himself and all others
similarly situated,

    Plaintiff,

v.

AGA SERVICE COMPANY, INC., a
foreign corporation,

and

JETBLUE AIRWAYS CORPORATION,
a foreign corporation,

    Defendants.
_____/

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1441 and 1446 and the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"), and with full reservation of all defenses and objections, Defendants, AGA SERVICE COMPANY, INC. ("AGA") and JETBLUE AIRWAYS CORPORATION ("JetBlue") (collectively, "Defendants"), hereby remove this case from the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, Defendants state:

1

## I.     BACKGROUND

1. On March 16, 2022, Plaintiff ALAN WHITEMAN ("Plaintiff") filed a civil action against Defendants in the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, entitled *Alan Whiteman v. AGA Service Company, Inc. v. JetBlue Airways Corporation*, Case No. CACE-22-003979 (Div. 8) ("State Court Action").

2. On April 14, 2022, Defendants removed the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 and CAFA. [ECF 1].[1]

3. At that time, the pending Complaint contained three Counts. Count I against AGA sought a declaration that "AGA's practice of charging a fee, which is then passed on to a travel retailer, breaches … [AGA's travel insurance] policy on its face." Count II against JetBlue was for an alleged violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and solely requested an "injunction prohibiting JetBlue from continuing to engage in violations of FDUTPA." Count III against JetBlue sought a declaration that "JetBlue's undisclosed receipt of fees from consumers related to the purchase of travel insurance for JetBlue flights breached the contract of carriage [between JetBlue and its customers]." The Complaint did not contain any claim for monetary damages or prospective relief. Indeed, the Complaint expressly disclaimed any such remedies.

4. After good faith conferral among the parties, on May 6, 2022, Plaintiff filed his Unopposed Motion to Remand, in which Plaintiff acknowledged that the Complaint did not seek monetary damages or prospective relief—in fact that it expressly disclaimed any such remedies—and therefore, under current Florida law regarding declaratory relief actions, Plaintiff lacked

---

[1] Upon the initial removal to this Court the case was given Case No. 22-cv-60738-AHS and assigned to the Honorable Raag Singhal. All ECF citations herein are to the docket in that case.

Article III standing to maintain his then pending claims in federal court and that the Court lacked subject matter jurisdiction. [ECF 12].

5. On May 25, 2022, following Plaintiff's Unopposed Motion to Remand, this Court entered its Order of Remand concluding that "federal subject matter jurisdiction does not exist for Plaintiff's declaratory judgment claims, which seek only retrospective declarations, because Plaintiff has no Article III standing to pursue retrospective declarations." [ECF 13].

6. Consequently, litigation resumed in the State Court Action and on June 3, 2022, Defendants filed their motion to dismiss the Complaint. On August 23, 2022, before any ruling on Defendants' motion to dismiss, Plaintiff filed an Amended Complaint in the State Court Action. On September 30, 2022, Defendants filed another motion to dismiss, which was argued before the state court on January 24, 2023.

7. On July 19, 2023, while Defendants' motion to dismiss the Amended Complaint was pending, Plaintiff sought leave to file a Second Amended Complaint in the State Court Action, which the state court granted at a hearing on September 5, 2023. That same day, following the state court's order granting leave to amend, Plaintiff filed his Second Amended Complaint in the State Court Action ("SAC").[2]

8. In the SAC, Plaintiff has for the first time added claims seeking monetary damages, which, as explained *infra*, provides a basis for federal court jurisdiction. The SAC is, therefore, the first amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable. Thus, because this Notice of Removal has been filed within thirty days after receipt by defendants of the SAC, this Notice of Removal is timely.

---

[2] Subsequent to the hearing, the state court entered its written order granting leave to amend on September 19, 2023.

3

*See* 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). Moreover, because this case is a putative class action brought by Plaintiff "on behalf of himself and all others similarly situated," and the allegations otherwise meet the requirements CAFA, as set forth below, the one-year limitation for removal does not apply. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 ("*except that the 1-year limitation under section 1446(c)(1) shall not apply*")") (emphasis supplied).

9. Plaintiff alleges in the SAC that "[o]n August 14, 2019, Plaintiff purchased a trip assistance product from AGA while purchasing an airline ticket on JetBlue's website," SAC, ¶ 26, and claims that it was never disclosed to him by either AGA or JetBlue "that JetBlue received a fee from AGA in exchange for directing Plaintiff to AGA's travel assistance product." *Id.* at ¶¶ 32. Plaintiff further alleges that he "would not have purchased the policy" had he known about the fee being paid to JetBlue, and that he, and the putative class members, have been injured by the Defendants' alleged actions. *Id.* at ¶¶ 30.

10. The SAC purports to assert four claims on behalf of Plaintiff and the putative class members:

- Count I against AGA is for breach of contract and alleges that Plaintiff and the AGA Class Members have been damaged in the amount improperly collected by AGA in violation of its contracts with Plaintiff and the AGA Class Members, as measured by the fees AGA paid to travel retailers for purchases by Plaintiff and the

4

AGA Class Members of travel assistance products." *Id*. ¶ 57; see *also id.* at Prayer for Relief (c) (seeking "[d]amages suffered by Plaintiff and the AGA Class resulting from AGA's breach of contract, in an amount to be determined by the jury").

- Count II against JetBlue alleges that JetBlue's purported "unfair and deceptive acts and practices" in connection with its receipt of fees from AGA and other insurers violated the FDUTPA and "seeks an injunction prohibiting JetBlue from continuing to engage in violations of FDUTPA" and damages on behalf of "Plaintiff and the JetBlue class in the amount of the undisclosed fee collected by JetBlue, which Plaintiff and the JetBlue class paid." *Id.* at ¶¶ 66 - 68; *see also id.* at Prayer for Relief (d) (seeking "[a]n injunction against JetBlue prohibiting it from continuing its deceptive practices concerning the marketing of travel insurance products on its website") and (e) (seeking "[d]amages suffered by Plaintiff and the JetBlue Class resulting from JetBlue's deceptive marketing of travel assistance products on its website, in an amount to be determined by the jury").[3]

- Count III is against JetBlue for breach of contract and alleges that, as a result of the breach, Plaintiff and the JetBlue Class Members have been damaged in the amount of undisclosed fees that JetBlue received, paid by Plaintiff and the JetBlue Class Members, in violation of its contracts of carriage." *Id.* at ¶ 77; *see also id.* at Prayer for Relief (f) (seeking "[d]amages suffered by Plaintiff and the JetBlue Class

---

[3] In addition to money damages, Plaintiff also seeks, among other things, "[t]he costs of suit including reasonable attorney's fees in accordance with FDUTPA." *Id.* at Prayer for Relief (h).

resulting from JetBlue's breach of contract, in an amount to be determined by the jury").

- Count IV is against AGA for tortious interference with contractual relations and alleges that as a result of AGA's tortious interference "Plaintiff and JetBlue Class Members suffered damages in the amount of the fees that they were charged by JetBlue that their contracts of carriage did not permit JetBlue to charge Plaintiff and JetBlue Class Members." *Id*. at ¶ 85; *see also id*. at Prayer for Relief (g) (seeking "[d]amages suffered by Plaintiff and the JetBlue Class resulting from AGA's tortious interference with their contracts with JetBlue, in an amount to be determined by the jury").

11. Plaintiff seeks certification of the following class for the breach of contract claim against AGA (Count I):

> The AGA Class consists of and is defined as all Florida citizens including Plaintiff who: (1) on or after March 16, 2017, (b) purchased a travel assistance product from AGA through the website of a travel retailer, and (c) had AGA pay a fee to the travel retailer as a result of the purchase of the travel assistance product. The class period will be from March 16, 2017, to the date of class certification (hereinafter the "Class Period").

*Id.* at ¶ 38.

12. Plaintiff seeks certification of the following class for the FDUTPA claim seeking an injunction against JetBlue (Count II), the claim for breach of contract against JetBlue (Count III), and the claim for tortious interference with contractual relations against AGA (Count IV):

> The JetBlue Class consists of all United States citizens including Plaintiff who: (a) on or after March 16, 2017, (b) purchased a travel assistance product from a travel assistance provider through JetBlue's website after purchasing a JetBlue flight, and (c) paid a fee to JetBlue as a result of the purchase of the travel assistance product. The JetBlue Class period will be from March 16, 2017, to the date of class certification (hereinafter the "Class Period").

6

*Id.* at ¶ 39.

13. Plaintiff alleges that there are "common questions of law and/or fact shared by Plaintiff and each member of the AGA Class and JetBlue Class" and seeks class certification of the claims pursuant to Fla. R. Civ. P. 1.220(b)(1)(A), Fla. R. Civ. P. 1.220(b)(2) and, alternatively, Fla. R. Civ. P. 1,220(b)(3). SAC, ¶¶ 44, 47-49.[4]

14. This case is properly removed to this Court as the district and division within which the State Court Action was brought. *See* 28 U.S.C § 1446(a).

## II. GROUNDS FOR REMOVAL[5]

15. The State Court Action is removable and this Court has subject matter jurisdiction over this action in accordance with CAFA. *See* 28 U.S.C § 1332(d) (providing for original jurisdiction over this putative class action) and 28 U.S.C §§ 1441(a) and 1453(b) (providing for removal of this putative class action and further providing "that the 1-year limitation [for removal] *under section 1446(c)(1) shall not apply*") (emphasis supplied).

16. Unlike cases involving traditional diversity jurisdiction where there is a presumption against removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 89 (2014). *See also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("Applying this binding precedent from the Supreme Court

---

[4] The corresponding class certification provisions under the Federal Rules of Civil Procedure are Fed. R. Civ. P. 23(b)(1)(A), Fed. R. Civ. P. 23(b)(2), and Fed. R. Civ. P. 23(b)(3). Defendants deny that certification of this action would be proper or appropriate.

[5] A notice of removal need only contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S.C § 1446(a). Copies of all such materials served upon AGA and JetBlue are attached hereto as Composite Exhibit A.

[*Dart*], we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions.").

17. As the Eleventh Circuit has made clear:

CAFA grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members.

*South Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). All three of the requirements for federal subject matter jurisdiction under CAFA are clearly met here.

### A. Each of the Putative Classes Easily Exceeds 100 Members

18. Plaintiff alleges "that based upon information and belief, there are tens of thousands of individuals throughout the State of Florida who are potential AGA Class members and/or JetBlue Class members in this action." SAC, ¶ 42. Plaintiff further alleges that "the members of the AGA Class and JetBlue Class will be ascertainable through AGA's and JetBlue's electronic records, data, and databases." *Id.* at ¶ 43.

19. Based on a review of AGA's records relating to the travel protection plans that include travel insurance policies sold by AGA to the putative AGA Class through offers presented on the websites of AGA's Travel Retail partners, the putative AGA Class contains more than two million members. *See* Declaration of Emily Hartman ("Hartman Decl."), attached hereto as Exhibit B, ¶ 8.

20. Based on a review of AGA's records relating to the travel protection plans that include travel insurance policies sold by AGA to the putative JetBlue Class through offers presented on JetBlue's website during the Class Period, the putative JetBlue Class contains more than one million members. *See* Hartman Decl., ¶ 10.

21.     Given these facts, the 100-member numerosity requirement of CAFA has clearly been met in this case.  *See* 28 U.S.C § 1332(d)(2), (5).

**B.     There is Minimal Diversity Among the Parties**

22.     CAFA requires only "minimal diversity" meaning that at least one member of the putative class is a citizen of a different state than any one defendant.  *Hill v. Nat'l Ins. Underwriters, Inc.*, 641 F. App'x 899, 901-02 (11th Cir. 2014).  That is clearly the case here.

23.     Plaintiff acknowledges that he "is an individual who is domiciled in, and is a citizen of, Florida." SAC, ¶ 7.  Moreover, Plaintiff is seeking to represent a putative AGA Class of Florida citizens and a putative JetBlue Class of United States citizens.  *Id.* at ¶¶ 38, 39.  Thus, for purposes of jurisdiction under CAFA, Plaintiff is a citizen of Florida and the putative class members are citizens of every state of the United States, including Florida.

24.     AGA is incorporated in Virginia and has its principal place of business in Virginia. *See* Hartman Decl., ¶ 2. Moreover, Plaintiff correctly alleges that JetBlue "is a Delaware corporation with its principal place of business in New York."  SAC, ¶ 9.  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C § 1332(c)(1).  Thus, for purposes of jurisdiction under CAFA, AGA is a citizen of Virginia and JetBlue is a citizen of Delaware and New York.

25.     Given these facts, the minimal diversity requirement of CAFA has clearly been met in this case.  *See* 28 U.S.C § 1332(d)(2); *Rausnitz v. Transamerica Life Ins. Co.*, 2019 WL 8989939, *1 (S.D. Fla. Dec. 10, 2019) ("uncontradicted allegations in the notice of removal are sufficient to establish diversity between the parties").

C.     **The Amount in Controversy is in Excess of $5,000,000**[6]

26.     CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C § 1332(d)(2). Under CAFA, "the claims of the individual [putative] class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C § 1332(d)(1)(D) and (d)(6).

27.     "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. "[W]hen a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. "'The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.'" *South Fla. Wellness,* 745 F.3d at 1315 (citation omitted).

28.     In Count I, Plaintiff alleges that he and the AGA Class Members "have been damaged in the amount improperly collected by AGA in violations of its contracts with Plaintiff and the AGA Class Members, as measured by the fees AGA paid to travel retailers for purchases by Plaintiff and the AGA Class Members of travel assistance products," and Plaintiff seeks to recover "[d]amages suffered by Plaintiff and the AGA Class resulting from AGA's breach of contract …." SAC, ¶ 57; Prayer for Relief, (c).

29.     In Count II, Plaintiff alleges that "JetBlue's FDUTPA violations damaged Plaintiff and the JetBlue class in the amount of the undisclosed fee collected by JetBlue, which Plaintiff

---

[6] Defendants provide the calculation of the amount at issue solely for purposes of evaluating the amounts in controversy under CAFA. Defendants deny that Plaintiff, or any putative class member, is entitled to recover any damages from either Defendant.

10

and the JetBlue class paid" and seeks to recover "[d]amages suffered by Plaintiff and the JetBlue Class resulting from JetBlue's deceptive marketing of travel assistance products on its website …." SAC, ¶ 68; Prayer for Relief, (e).

30. In Count III, Plaintiff alleges that he and the JetBlue Class Members "have been damaged in the amount of undisclosed fees that JetBlue received, paid by Plaintiff and the JetBlue Class Members, in violation of its contracts of carriage," and he seeks to recover these alleged "[d]amages suffered by Plaintiff and the JetBlue Class resulting from JetBlue's breach of contract…." SAC, ¶ 77; Prayer for Relief, (f).

31. In Count IV, Plaintiff alleges that "Plaintiff and JetBlue Class Members suffered damages in the amount of the fees that they were charged by JetBlue that their contracts of carriage did not permit JetBlue to charge Plaintiff and JetBlue Class Members" and Plaintiff seeks "[d]amages suffered by Plaintiff and the JetBlue Class resulting from AGA's tortious interference with their contracts with JetBlue…" SAC, ¶ 85; Prayer for Relief (g).

32. Thus, the values of the fees paid by AGA to travel retailers and the fees received by JetBlue from AGA provide the appropriate measure of the "amount in controversy" as to each Defendant. *See, e.g., Scott v. Ing Clarion Partners, LLC*, 2006 WL 3191184, *4 (N.D. Ga. Oct. 31, 2006) ("amount in controversy" for purposes of CAFA jurisdiction in case alleging defendants' improper retention of fees was the total dollar amount of the fees allegedly paid by plaintiffs and the putative class members and retained by defendants during the class period), *aff'd*, 262 F. App'x 983 (11th Cir. 2008); *Wheeler v. Bank of America*, 2011 WL 6294020, *5 (E.D. Cal. Dec. 14, 2011) ("sum total of alleged improper [] charges … comprise the amount in controversy"), *adopted*, 2012 WL 259935 (E.D. Cal. Jan. 25, 2012); *Mustafa v. Market St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1290-91 (M.D. Ala. 2012) (same).

33. Based on a review of AGA's records of fees AGA paid to its Travel Retail partners in connection with the sale of travel protection plans that included insurance coverage and travel assistance services through offers presented on the websites of those Travel Retail partners, the fees paid by AGA to its Travel Retail partners for sales to the putative AGA Class Members, allocable only to the travel assistance component of the travel protection plans, exceed $20 million. *See* Hartman Decl., ¶ 9.[7]

34. Based on a review of AGA's records of fees AGA paid to JetBlue in connection with the sale of travel protection plans that included insurance coverage and travel assistance services through offers presented on JetBlue's website, the fees paid by AGA to JetBlue for sales to the putative JetBlue Class Members, allocable only to the travel assistance component of the travel protection plans, exceed $10 million. *See* Hartman Decl., ¶ 11.

35. Plaintiff is also seeking attorney's fees under FDUTPA, SAC, Prayer for Relief (h), which amount may be included in the amount in controversy calculation. *See Leslie v. Conseco Life Ins. Co.*, 2012 WL 4049965, *3 (S.D. Fla. Sept. 13, 2012) ("'When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.'") (citation omitted).

36. Given these facts, the $5,000,000 amount in controversy requirement of CAFA has clearly been met in this case. *See* 28 U.S.C § 1332(d)(2).

37. Because all of the requirements for federal court jurisdiction under CAFA have been satisfied, this case was properly removed under CAFA.

---

[7] The "trip" or "travel" "assistance product" to which Plaintiff refers in the SAC does not exist as a singular product but instead describes certain services available to purchasers of the type of travel protection plan that Plaintiff purchased from AGA. The travel protection plans contain both insurance benefits and travel assistance services. *See* Hartman Decl., ¶ 5.

38. A copy of Defendants' Notice of Removal is being filed with the Clerk of Court of the Circuit Court of the Seventeenth Judicial Circuit, Fort Lauderdale, Florida, and written notice is being given to Plaintiff in accordance with 28 U.S.C § 1446(d).

39. Defendants reserve the right to amend or supplement this Notice of Removal and further reserve all of their defenses and objections to Plaintiff's claims. Defendants will respond to the SAC as required by Fed. R. Civ. P. 81(c).

WHEREFORE, Defendants remove the above-captioned action from the Florida state court to the United States District Court for the Southern District of Florida.

DATED: September 22, 2023

*s/ Lazaro Fernandez, Jr.*
Lazaro Fernandez, Jr.
Fla. Bar No. 716545
Email: lfernandez@stackfernandez.com
Denise B. Crockett
Fla. Bar No. 327913
Email: dcrockett@stackfernandez.com
**STACK FERNANDEZ & HARRIS, P.A.**
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Tel: (305) 371-0001

-and-

Gayle I. Jenkins, Esq. (*Pro Hac Vice* motion forthcoming)
Email: gjenkins@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Tel: (213) 615-1863

*Attorneys for Defendants, AGA Service Company, Inc. and JetBlue Airways Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF filing system, and furnished to all interested parties and counsel of record identified on the attached Service List in the manner specified.

*s/ Lazaro Fernandez, Jr.*

## SERVICE LIST

Alec Schultz, Esq.
HILGERS GRABEN PLLC
Attorneys for Plaintiff
1221 Brickell Avenue. Suite 900
Miami, Florida 33131
Tel.: 305-630-8304
Email: aschultz@hilgersgraben.com
(Service via E-mail and U.S. Mail)

William M. Burgess, Esq.
HILGERS GRABEN PLLC
1201 Peachtree Street N.E., Suite 100
Atlanta, Georgia 30361
Tel.: 404-595-7747
Email: wburgess@hilbersgraben.com