# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 18, 2025

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___AP___ D.C.

Apr 18, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 24-12524-CC
Case Style: Alan Whiteman v. AGA Service Company, et al
District Court Docket No: 0:23-cv-61826-AHS

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12524

_____

ALAN WHITEMAN,
on behalf of himself and all others similarly situated,

                                      Plaintiff-Appellant,

*versus*

AGA SERVICE COMPANY, INC.,
a foreign corporation,
JETBLUE AIRWAYS CORP.,
a foreign corporation,

                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-61826-AHS

_____

ISSUED AS MANDATE 4/18/2025

ISSUED AS MANDATE 4/18/2025

2                                                                           24-12524

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: March 20, 2025

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 24-12524

Non-Argument Calendar

_____

ALAN WHITEMAN,
on behalf of himself and all others similarly situated,

                                                                   Plaintiff-Appellant,

*versus*

AGA SERVICE COMPANY, INC.,
a foreign corporation,
JETBLUE AIRWAYS CORP.,
a foreign corporation,

                                                                    Defendants-Appellees.

2                    Opinion of the Court                    24-12524

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-61826-AHS

_____

Before NEWSOM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

In the summer of 2019, Alan Whiteman bought a plane ticket from JetBlue and a "trip assistance product" from Allianz Global Assistance Service Company. Whiteman got exactly what he paid for, but he now raises a host of allegations that JetBlue and Allianz acted unlawfully. Because none of these allegations states a claim for relief, we affirm the district court's dismissal of Whiteman's complaint with prejudice.[1]

## I.

As the district court noted, the facts here "are unfortunately not new to the federal court system; this is now Plaintiff's counsel's

---

[1] We deny Allianz and JetBlue's Rule 38 motion because Whiteman's appeal was not "frivolous" within the meaning of the Rule. *See Misabec Mercantile, Inc. v. Donaldson, Lufkin & Jenrette ACLI Futures, Inc.*, 853 F.2d 834, 841 (11th Cir. 1988). We also deny Whiteman's cross-motion for sanctions because Allianz and JetBlue did not "willfully abuse the judicial process by conduct tantamount to bad faith." *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) (quotation omitted).

Case 0:23-cv-61826-AHS   Document 71   Entered on FLSD Docket 04/18/2025   Page 6 of 14
USCA11 Case: 24-12524   Document: 40-1   Date Filed: 03/20/2025   Page: 3 of 9

24-12524               Opinion of the Court                 3

at least fifth attempt to secure a verdict against an airline and its partnered travel insurance provider." In short: Alan Whiteman alleges that a workaday marketing agreement between JetBlue and Allianz Global Assistance is deceptive and thus unlawful.

Allianz sells travel assistance products to people who book travel online. Allianz markets and sells its services by "entering into agreements with travel retailers, such as airlines, hotels, and rail operators, to position its products for sale on the retailers' websites." Allianz's offer for travel services automatically appears in the "booking path" of a retailer's website. The "booking path" refers to the normal process by which a consumer buys a ticket online. Once Allianz's offer for travel assistance pops up, customers can then choose whether they want to buy it or not.

Whiteman clicked yes, and bought the product for $36.36, which was the sum of "$29.62 for insurance and $6.74 for assistance." He now alleges that the way in which Allianz markets its services is "inherently deceptive to the consumer, as it leaves the consumer with the impression that the entire charge for the travel assistance product goes to [Allianz] to cover the product's cost." "In reality," Whiteman says, "travel retailers like JetBlue receive an enormous portion of the money a customer pays for each travel assistance product sold through the booking path, all without any disclosure whatsoever to the consumer of this fact or the specific amount of JetBlue's fee."

He further alleges that JetBlue was equally culpable because it asked customers "whether they would like to purchase [Allianz's]

Case 0:23-cv-61826-AHS   Document 71   Entered on FLSD Docket 04/18/2025   Page 7 of 14
USCA11 Case: 24-12524   Document: 40-1   Date Filed: 03/20/2025   Page: 4 of 9

4                           Opinion of the Court                    24-12524

travel assistance products" but "never disclosed to its customers that it knew it would receive, and did in fact receive, enormous fees from the money a consumer pays for each product sold through the website, in express violation of its contracts of carriage with passengers."

The district court found that these allegations failed to state a claim and granted Allianz's motion to dismiss with prejudice. Whiteman now appeals.

## II.

We review a dismissal for failure to state a claim de novo, accepting the complaint's factual allegations as true and construing them in the light most favorable to the plaintiff. *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341, 1345 (11th Cir. 2022).

## III.

Whiteman raises five arguments on appeal. None has merit.

*First*, Whiteman argues that the district court "did not apply the proper legal standard to assess Plaintiff's Complaint at the motion to dismiss stage." We disagree. Far from pioneering "an entirely new standard for a Rule 12(b)(6) motion," the court took the well-trod path of *Iqbal* and *Twombly*. The court also (correctly) noted that its review was "generally limited to the four corners of the complaint." And it acknowledged that it "must review the complaint in the light most favorable to the plaintiff, and it must generally accept the well-pleaded facts as true." The district court did not simply pay lip service to these precedents—it followed

Case 0:23-cv-61826-AHS   Document 71   Entered on FLSD Docket 04/18/2025   Page 8 of 14
USCA11 Case: 24-12524    Document: 40-1    Date Filed: 03/20/2025    Page: 5 of 9

24-12524               Opinion of the Court                    5

them faithfully. Its analysis does not, as Whiteman asserts, evince a "total disregard of the legal standard."

*Second*, Whiteman contends that the district court "erred in dismissing Plaintiff's breach of contract claim against [Allianz]." The district court rejected this argument because Whiteman did not plead sufficient facts to allege a "material breach" of the contract. The contract here provided that the cost of travel assistance was the sum of the "cost of insurance and assistance." Whiteman says that this provision was breached because Allianz gave some of the money it received to JetBlue.

But the fact that Allianz gave a portion of its revenue to JetBlue does not mean there was a breach. Nothing in the contract said that Allianz would keep 100% of the money it made selling travel assistance products. Indeed, all the contract said was that the price was $36.36. And there is no dispute that Whiteman was charged this exact amount—not a penny more.

Because Whiteman was not charged any surprise fees, his reliance on *Cavalieri v. Avior Airlines* is misplaced. 25 F.4th 843 (11th Cir. 2022). There, the plaintiff bought a ticket from Expedia for the "contract price of $775.50," and the receipt said that this amount "included taxes and fees." *Id.* at 836 (alterations adopted). When the plaintiff tried to check in for his flight, however, he was told he had to pay "an additional $80 'Exit Fee.'" *Id.* That surprise $80 charge was the crux of the plaintiff's complaint in *Cavalieri*, but there was no such surprise fee here.

Case 0:23-cv-61826-AHS   Document 71   Entered on FLSD Docket 04/18/2025   Page 9 of 14
USCA11 Case: 24-12524   Document: 40-1   Date Filed: 03/20/2025   Page: 6 of 9

6                         Opinion of the Court                      24-12524

*Third*, Whiteman maintains that the district court "erred in dismissing Plaintiff's breach of contract claim against JetBlue." Whiteman alleges that JetBlue violated its contract of carriage twice over by partnering with Allianz. Again we disagree.

To start, Whiteman alleges that JetBlue breached § 6.F of the contract of carriage. This section is located under the "Fares" heading in the contract. It provides that JetBlue "reserves the right to collect additional taxes, fees or charges imposed by a governmental entity after the reservation has been made and paid for, but before transportation commences." Whiteman says that JetBlue violated this section by collecting money from Allianz because Allianz is not a governmental entity.

This argument misunderstands § 6.F, which deals with *customers* buying services directly from JetBlue. Whiteman did not pay any extra fares to JetBlue, so § 6.F is inapplicable. What Whiteman did do was buy a product from Allianz, who then gave JetBlue part of its revenue in exchange for the opportunity to sell travel services on the JetBlue website. This chain of events does not trigger § 6.F.

Whiteman tries to resist this conclusion by arguing that Allianz and JetBlue are using a "pass-through commission structure" and that Allianz is acting "as nothing more than a conduit for customers' payments." But Whiteman pleaded nothing of the sort in his complaint. Indeed, the phrase "pass-through" is not mentioned anywhere in his complaint. The closest he comes is when he alleges that the fees that JetBlue receives "are

Case 0:23-cv-61826-AHS   Document 71   Entered on FLSD Docket 04/18/2025   Page 10 of 14
USCA11 Case: 24-12524   Document: 40-1   Date Filed: 03/20/2025   Page: 7 of 9

24-12524                Opinion of the Court                         7

not akin to advertising fees" and that the "compensation is not, for example, a flat monthly fee, but rather predicated upon individual product sales." But even construing that allegation in the light most favorable to Whiteman, it does not come close to plausibly alleging that Allianz and JetBlue have formed a clandestine pass-through agreement.

Whiteman also says JetBlue breached § 32 of its contract of carriage, which he says incorporated the requirements in 14 C.F.R. 399.85(d). That regulation states that an airline carrier "must prominently disclose on its website information on fees for all optional services that are available to a passenger purchasing air transportation." 14 C.F.R. 399.85(d). The phrase "optional services" is defined as "any service *the airline provides*, for a fee, beyond passenger air transportation" *Id.* (emphasis added). Examples include "charges for checked or carry-on baggage, advance seat section, in-flight beverages, snacks and meals, pillows and blankets and seat upgrades." *Id.* Because JetBlue is not providing the travel assistance services here—Allianz is—this regulation is also inapplicable. So JetBlue could not have breached § 32 for the simple reason that 14 C.F.R. 399.85(d) does not apply here.

*Fourth*, Whiteman asserts that the district court erred when it dismissed his Florida Deceptive and Unfair Trade Practices Act claim against JetBlue. Plaintiffs must prove three elements to prevail under the Act: (1) "a deceptive act or unfair practice"; (2) "causation"; and (3) "actual damages." *Point Conversions, LLC v.*

Case 0:23-cv-61826-AHS   Document 71   Entered on FLSD Docket 04/18/2025   Page 11 of 14
USCA11 Case: 24-12524    Document: 40-1    Date Filed: 03/20/2025    Page: 8 of 9

8                        Opinion of the Court                    24-12524

*WPB Hotel Partners, LLC*, 324 So. 3d 947, 957 (Fla. Dist. Ct. App. 2021). Whiteman alleges that JetBlue violated this statute because it deceived customers into thinking that it received no benefit when customers purchased travel services from Allianz.

The district court held that Whiteman's claim failed as a matter of law because "JetBlue's alleged act of deception, that it was receiving a percentage of each sale of travel assistance services made in its booking path of flights sold as a marketing fee, is not deceptive." We agree.

Deception occurs when there is a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003) (quotation omitted). There was no deception here. JetBlue and Allianz are engaged in a common business relationship. JetBlue lets Allianz market its service on the JetBlue website, and Allianz gives JetBlue a cut of its revenue when it makes a sale on the website. When customers bought travel assistance services from Allianz, they got exactly what they paid for: travel assistance services. JetBlue did not deceive Whiteman by giving him the option to purchase such services (which he then chose to do on his own). Nor did JetBlue's agreement with Allianz work to Whiteman's detriment—Allianz told him that the price was $36.36 and that was the price he paid.

*Fifth*, and finally, Whiteman insists that the district court "erred in dismissing Plaintiff's tortious interference with contractual relations claim against [Allianz]." To prevail on this

24-12524               Opinion of the Court                    9

claim, Whiteman must show that Allianz interfered with his contract with JetBlue by "influencing, inducing or coercing one of the parties to breach the contract, thereby causing injury to the other party." *Cedar Hills Properties Corp. v. E. Fed. Corp.*, 575 So. 2d 673, 676 (Fla. Dist. Ct. App. 1991) (alteration adopted and quotation omitted). This claim rises and falls with a contractual violation, which means Whiteman cannot make the required showing because JetBlue never breached its contract with him. *See id.*

★ ★ ★

We **AFFIRM**.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 20, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-12524-CC
Case Style: Alan Whiteman v. AGA Service Company, et al
District Court Docket No: 0:23-cv-61826-AHS

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion